UNITED STATES v. 492 CASES, MORE OR LESS, OF ORANGE JUICE, EACH CASE CONTAINING TWO ONE-GALLON JUGS.

No. 826.

District Court, E. D. Louisiana.

Sept. 13, 1937.

Rene A. Viosca, U. S. Atty., and Robert Weinstein, Asst. U. S. Atty., both of New Orleans, La., and Mastin G. White, Sol., U. S. Dept. of Agriculture, P. D. Cronin, Chief, Food and Drug Division, U. S. Dept. of Agriculture, and D. P. Willis, Sr. Atty., Office of Solicitor, U. S. Dept. of Agriculture, all of Washington, D. C., for libelant.

Donnelly, Lynch, Anderson & Lynch (by M. J. Donnelly and C. J. Lynch, Jr.), of Cedar Rapids, Iowa, and Guion & Schulze (by George Seth Guion), of New Orleans, La., for claimant.

BORAH, District Judge.

This is a proceeding in rem against a certain food product known as "Nesbitt's California Orange Juice Sweetened." The United States filed its libel for condemnation against four hundred ninety-two cases, more or less, of orange juice shipped in interstate commerce, and prayed that the same be condemned upòn the ground that they were adulterated and misbranded within the meaning of the Food and Drugs Act of June 30, 1906, as ámended, 21 U.S.C.A. § 1 et seq. By written stipulation of the parties the jurisdictional facts and certain other facts not necessary to here enumerate were admitted, a jury was waived, and the case was tried to the

court. I adopt those facts which have been stipulated, and in keeping with Admiralty Rule 46½, 28 U.S.C.A. following section 723, make the following findings of fact and conclusions of law:

### Findings of Fact.

On or about the 18th day of June, 1936, and the 2d day of July, 1936, Nesbitt Fruit Products, Inc., of Los Angeles, Cal., shipped and caused to be transported in interstate commerce, for sale from the city of Los Angeles, in the State of California, to Nesbitt Fruit Products, Inc., care of Pelican Cold Storage & Warehouse Company, in the city of New Orleans, State of Louisiana, via Luckenbach Gulf Line, four hundred ninety-two cases of an article of food called "Nesbitt's California Orange Juice Sweetened," each case containing two one-gallon jugs, which shipments were and are labeled in part as follows: "Nesbitt's California Orange Juice Sweetened" (and design of orange grove and oranges).

On August 18, 1936, the United States Attorney filed a libel for seizure and condemnation of four hundred and ninety-two cases, more or less, of orange juice, alleging that they had been shipped and transported from the State of California to the State of Louisiana and remained in the original unbroken packages and that said product was adulterated. Later the libel was amended to include a charge of misbranding.

After seizure of these four hundred ninety-two cases on the libel, the Nesbitt Fruit Products, Inc., filed its intervening petition herein as claimant and its answer denying both the adulteration and the misbranding alleged.

Nesbitt's California Orange Juice Sweetened is prepared from fresh oranges of accepted standards with sugar, fruit acid, certified color, and one-tenth of one per cent. of benzoate of soda added, and there is no evidence of an inferiority in the ingredients of this product. The said product contains approximately 50 per cent. of added sugar, and due to the high tinctorial power of the coal-tar dye used, the color of the product in question is about five times as intense as it would be without the added artificial color.

There is no evidence of any inferiority in the combined ingredients of the product under seizure in this case; the United States certified coloring which is used and added conceals no inferiority of the product, nor does the mixture of the constituents of said product conceal any inferiority.

The aforesaid product has been manufactured under the same formula and sold by claimant since 1925 under the name of "Nesbitt's California Orange Juice Sweetened," and upon the label of which product there appears, in addition to the design of orange grove and oranges, the following:

"NESBITT'S
"CALIFORNIA
"ORANGE JUICE
"SWEETENED
"Fruit acid, certified color and 1–10 of 1% Benzoate of Soda added.
"Directions: Use One Part with Five Parts Plain Water, Well Iced.
"Net Contents One U. S. Gal. (128 Fluid Oz.)
"Made in U. S. A.
"'Made Where Oranges Grow'
"Nesbitt Fruit Products, Inc., Los Angeles, Calif."

This product is sold to drug stores, soda fountains, and soft drink vendors, and by means of a dispenser is used by such persons in the preparation of an orange beverage, which in turn is sold to the consumer. There are numerous other brands of sweetened orange juices like claimant's product that have since the year 1927 been sold for use in the preparation of a beverage, and which contain in excess of 45 per cent. of sugar.

There has been no convincing testimony offered to sustain the charge in the libel that orange peel flavor was added to claimants product. It does, however, clearly appear that oil of the peel is a natural part of the extracted juice of the orange, the amount of such oil in any given product depending on the method of extraction, and being greater where, as here, the halved orange is by pressure squeezed until the juice is removed therefrom.

The term "orange juice sweetened" in its natural sense is descriptive of claimant's product. It means simply an orange juice that has been made sweet and the term implies no limitation. The Government at the trial produced a number of local witnesses whose testimony tended to show that usage has so employed and appropriated the term as to give it a secondary or trade meaning, and that to the consumer and dealer it denotes an orange juice with not more than 15 per cent. of added sugar. Claimant offered evidence to

show that the trade term "orange juice sweetened" indicates and means an orange juice which contains less than 50 per cent. added sugar to distinguish it from orange syrup, which contains not less than 65 per cent. of added sugar, and that the term "orange juice added" has a trade meaning identifying an orange juice to which sufficient sugar has been added to make up the natural deficiency in the fruit juice. It also appears from the testimony that all orange juice sold in the trade containing 45 or 50 per cent. sugar is sold as orange juice sweetened and that no orange juice containing 15 per cent. or less sugar is sold as orange juice sweetened. Whether the evidence in this case supports a finding of a trade understanding need not be determined; sufficient be it to say that the Government has failed to establish its contention with reference to the trade understanding of the term "orange juice sweetened."

The name "Nesbitt's California Orange Juice Sweetened," when taken together with the other statements appearing upon said label, including the directions for use of said product in the preparation of a beverage, do not deceive or tend to deceive or mislead a purchaser desiring an orange juice for consumption without dilution.

### Conclusions of Law.

The Government has failed to establish, by clear and satisfactory evidence, that orange juice, orange peel flavor, sugar, and acid have been mixed and colored in a manner whereby inferiority is concealed, and the charge of adulteration is wholly unsupported by the evidence.

The word "inferiority," referred to in section 7, paragraph 4 (21 U.S.C.A. § 8, par. 4), means that an ingredient is, in the first instance, of low grade or quality.

The product in question does not become adulterated because the color added thereto might enable a purchaser to use the same outside of interstate commerce channels in a deceptive or misleading manner; the legality of the product is to be tested by its condition at the time of seizure, not what its condition may be upon mixture after it has passed beyond interstate commerce channels.

There is no standard which would make an orange juice sweetened inferior because approximately 50 per cent. of sugar had been added, nor is a product which is not inferior made so by the mere addition of a certified coloring matter.

The burden of establishing a trade meaning for the term "orange juice sweetened" to sustain the charge of adulteration or misbranding was upon the Government, a burden which it failed to carry.

There is no clear and satisfactory evidence from which a finding could be made that the statement on the label "Nesbitt's California Orange Juice Sweetened" is false and misleading or tends to deceive a purchaser, or that the said product is misbranded within the charge of the libel by reason thereof.

The libel is dismissed, and the seized goods are ordered returned to the claimant.

Submit decree accordingly.